UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY O POWERS and SANDRA KAYE POWERS,<br><br>Defendants. | No. 15-cv-00245-WBS-AC<br><br>ORDER |

This matter is before the court on plaintiff's response to this court's order to show cause regarding potentially defective service and improper entry of default, as well as the letter from third party Charles Snell which this court construed as a motion to quash. ECF Nos. 31, 35, 36. At issue is whether defendants have been effectively served, whether they have appeared in this case, and whether entry of default was proper. Upon a complete review of the record in this case, the court finds that defendants have been properly served via publication pursuant to California Code of Civil Procedure § 415.50. ECF No. 14. The defendants are aware of this case, and the court construes defendants May 5, 2016 letter as an appearance in this case. ECF No. 21. Any prior order from this court inconsistent with this order is vacated only to the extent of the inconsistency. Because the court construes defendants' letter as an appearance, the entry of

////

1

default (ECF No. 34) is vacated, and the third party motion to quash (ECF No. 31) is denied as moot.

Plaintiff Scott Johnson initially commenced this action under the Americans with Disabilities Act ("ADA") on January 28, 2015 (ECF No. 1.) As discussed above, pursuant to an order of the court, defendants were served by publication and appeared to refute an entry of default. ECF Nos. 13, 14, 21. In the interest of avoiding the accumulation of fees and costs through potentially unnecessary discovery and motion practice, and to allow the parties sufficient time to pursue an early informal resolution of this matter, the Court finds a referral to the Voluntary Dispute Resolution program is appropriate.

In conclusion, based on the foregoing, IT IS HEREBY ORDERED that:

1. The clerk's entry of default (ECF No. 34) is VACATED.
2. The third party motion to quash (ECF No. 31) is DENIED as MOOT.
3. This action is STAYED pending further order of the court.
4. The parties are directed to promptly meet and confer to discuss settlement of this action. Settlement discussions require focus and preparation and should involve the attorneys who will try the case and the person or persons having full authority to negotiate and settle the case on any terms. Plaintiff should initiate settlement discussions by providing a written itemization of damages and a meaningful settlement demand that includes an explanation of why the demand is appropriate. Defendant should respond with an acceptance of the offer or with a meaningful counteroffer, and which includes an explanation of why the counteroffer is reasonable. The parties should continue in this way until they reach settlement or have exhausted informal settlement efforts.
5. If the parties have not been able to informally reach a settlement within 45 days, the parties shall initiate participation in the court's Voluntary Dispute Resolution Program

////

////

////

("VDRP") by contacting the court's VDRP administrator, Sujean Park, at (916) 930-4278 or SPark@caed.uscourts.gov.[1]

6. The parties shall carefully review and comply with Local Rule 271, which outlines the specifications and requirements of the VDRP.

7. No later than fourteen (14) days after completion of the VDRP session, the parties shall jointly file their VDRP Completion Report, consistent with Local Rule 271(o).

IT IS SO ORDERED.

DATED: July 28, 2017.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The resources of the VDRP program are limited, and the parties are expected to make good faith efforts to timely and fully exhaust informal settlement efforts prior to initiating participation in the VDRP. The court will look with disfavor upon parties stalling or failing to participate in the above-mentioned initial informal discussions, prompting potentially unnecessary participation in the VDRP and straining the program's resources.