UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY O. POWERS and SANDRA KAYE POWERS,<br><br>Defendants. | No. 2:15-cv-00245 WBS AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants are proceeding in this action pro se, and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). This matter is before the court on a motion for summary judgment brought by plaintiff Scott Johnson. ECF No. 48. Also before the court is plaintiff's motion to modify the scheduling order in this case. ECF No. 49. Defendants have twice failed to respond to either motion. See ECF No. 51, 52. Based on the analysis below, both motions should be GRANTED and judgment entered in favor of the plaintiff.

**I.    Complaint and Procedural Background**

The case was filed on January 28, 2015. ECF No. 1. Plaintiff alleges he is a California resident with physical disabilities. ECF No. 1 at 1. Defendants are alleged to be, or have been at the time of the incidents at issue, the real property owners, business operators, lessors and/or lessees of Charlie's Auto Parts located at or about 4515 E. Main Street, Stockton, California. Id.

at 1-2. Plaintiff alleges defendants violated the Americans with Disabilities Act, the Unruh Civil Rights Act, the California Disabled Persons Act, and are liable for negligence. Id. at 5-9.

Defendants were initially served by publication. ECF Nos. 13, 14. Following defendants' failure to appear, the Clerk of Court entered default against each defendant. ECF Nos. 18, 19. On May 2, 2015, defendants filed a "Request for Denial of Clerk's Entry of Default." ECF No. 21. On November 1, 2016, the undersigned ordered plaintiff to personally serve defendants within 60 days. ECF No. 25. A summons returned executed was filed for each defendant on February 14, 2017. ECF Nos. 29, 30. On July 31, 2017 the undersigned found that defendants had been properly served, and stayed the case and referred the matter to the court's Voluntary Depute Resolution Program ("VDRP"). ECF No. 38. On September 26, 2017, defendant Stanley O. Powers requested a 180-day extension to respond to plaintiff's complaint. ECF No. 41. On September 27, 2017 the District Judge William B. Shubb denied the motion and reiterated that defendants were required to participate in the VDRP process with plaintiff. ECF No. 41.

On January 17, 2018, a VDRP neutral was appointed. ECF No. 42. On March 9, 2018, upon receiving information that the VDRP process had been unsuccessful, the undersigned lifted the stay on the case and removed it from VDRP. ECF No. 43. The court set a dispositive motions deadline of January 3, 2019. Id. Plaintiff moved for summary judgment on November 16, 2018, but incorrectly noticed the motion before Judge Shubb. ECF No. 44, 46. On December 26, 2018, plaintiff re-noticed the motion for summary judgment for the next available court date before the undersigned, January 23, 2019 (ECF No. 48) and moved to modify the scheduling order in this case to accommodate the hearing of the motion (ECF No. 47). Defendants failed to respond to either of plaintiff's motions, and the undersigned re-set the motions to provide defendants an additional opportunity to respond. ECF No. 41. Defendants again failed to respond to either motion. ECF No. 52. In light of the lack of opposition, the motions were taken under submission. Id.

**II.      Standard for Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

2

Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa County Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### III. Statement of Undisputed Facts

Unless otherwise specified, the following facts are either expressly undisputed by the parties or have been determined by the court, upon a full review of the record, to be undisputed by competent evidence. Plaintiff's statement of undisputed facts is located at ECF No. 48-2, and is supported by evidence including witness declarations and photographs. See ECF Nos. 48-3 through 48-9. Defendants did not submit a statement of undisputed facts, contest plaintiff's statement of undisputed facts, offer evidence of specific facts to indicate the existence of a triable issue, or otherwise respond to plaintiff's statement.

Plaintiff Scott Johnson is a quadriplegic who cannot walk and uses a wheelchair for mobility. Declaration of Scott Johnson, ECF No. 48-4 ("Johnson Decl.") at ¶ 2. Mr. Johnson drives a specially equipped van with a lift that deploys from the passenger side of the van to

accommodate his wheelchair and he has been issued a Disabled Person Placard by the California Department of Motor Vehicles. Johnson Decl. at ¶ 3. Charlie's Auto Parts is located at or about 4515 E Main Street, Stockton, California. Johnson Decl. at ¶ 4. Defendants Stanley O. Powers and Sandra Kaye Powers are the real property owners of the property where the Charlie's Auto Parts is located, or were the real property owners at the time the incidents alleged took place. ECF No. 48-9 (Deed of Trust).

On August 29, 2014, September 4, 2014, and September 18, 2014, Mr. Johnson went to Charlie's Auto Parts and made purchase. Johnson Decl. at ¶ 4; ECF Nos. 48-5 and 48-6. As he drove into the parking lot of the Charlie's Auto Parts, he found that there were parking spaces provided for customers. Johnson Decl. at ¶ 6; ECF No. 48-6 at 1-6; ECF No. 48-7 at 1-2. However, Mr. Johnson did not find any parking space reserved for use by persons with disabilities. Johnson Decl. at ¶ 7; ECF No. 48-6 at 1-6. Apart from the wall mounted signage indicating to an accessible parking space there was no other signage displayed. Johnson Decl. at ¶ 8; ECF No. 48-6 at 1-6. Mr. Johnson did not find any outline clearly delineating the reserved parking space, no access aisle adjacent to it, no "NO PARKING" lettering, no "Minimum Fine $250," no towaway signage and no International Symbol of Access in any space. Johnson Decl. at ¶ 9; ECF No. 48-6 at 1-6.

Mr. Johnson needs "van accessible" parking with a wider access aisle and adequate warning lettering to safely deploy his lift and exit his van. Johnson Decl. at ¶ 10. If he does not have adequate room to do this, he is forced over the edge of the access aisle and inside the adjacent parking stall. Because of this, he runs the risk of getting struck by another car. Id. at ¶ 11. Mr. Johnson was also anxious to park his van in the Disabled Space for fear that someone would park next to him in the access aisle or the adjacent parking stall and block him from re-entering his vehicle. Id. at 12. Mr. Johnson has had the misfortune of being trapped out of his van because of these issues several times in the past. Id. at 13. Because there was no van accessible parking, Mr. Johnson was forced to park in a nondisabled parking space and leave his van lift deployed in order to avoid getting his van blocked by a neighboring car. Id. at ¶ 14. Because of this, Mr. Johnson was concerned for the security of his personal property, while he

1 | was inside the Charlie's Auto Repair. Id. at ¶ 15.

2 |     Once Mr. Johnson parked and approached the front entrance, he found that the entrance door hardware was a pull-style door panel handle. Id. at ¶ 16; ECF No. 48-7 at 5. Due to his dexterity impairments, Mr. Johnson has difficulty opening the door because this type of hardware requires him to tightly grasp the panel to push/pull the door open and close. Johnson Decl. at ¶¶ 17-18. When Mr. Johnson approached the transaction counter at the Charlie's Auto Parts, he discovered that the transaction counter was too high for him to use. Id. at ¶ 19; ECF No. 48-7 at 3-4. He did not see any lowered counter. Johnson Decl. at ¶ 20. Further, there was merchandise, merchandise display and other objects placed on the transaction counter reducing the clear width of the transaction counter. Id. at ¶ 21; ECF No. 48-7 at 3-4. Mr. Johnson could not see the top of the counter from his wheelchair and was unable to use it independently. Johnson Decl. at ¶ 22.

    As Mr. Johnson made his way down the aisles he encountered barriers in the path of travel in some places, due to the placement of merchandise and merchandise display. Id. at ¶ 23; ECF No. 48-7 at 6-10. These objects, along with the general configuration of the store, would significantly narrow the width of the clear path of travel, preventing him from safely accessing portions of the Charlie's Auto Parts. Johnson Decl. at ¶¶ 24-25; ECF No. 48-7 at 6-10. All of these violations caused Mr. Johnson difficulty, discomfort and frustration. Johnson Decl. at ¶ 26.

    Subsequent to Plaintiff's visits Defendants re-striped the parking lot, but the parking was still not compliant. ECF Nos. 48-7 at 1-2, 48-8. On December 29 and December 30, 2014 Plaintiff's Investigator Mr. Noah Leiter conducted an investigation of Charlie's Auto Parts. ECF Nos. 48-7, 48-8. The parking lot serving the Charlie's Auto Parts had one van accessible parking space designated for use by persons with disabilities. Id. The outline of the designated parking space and access aisle, including the cross hatches inside the access aisle, were faded and difficult to see. Id. The access aisle did not contain the words "NO PARKING." Id. He did not find any tow away or fine warning anywhere near the designated parking space. Id. There was a built-up curb ramp that ran into the access aisle of the designated parking space, resulting in slopes. Id. Inside the Charlie's Auto Parts, the cashier counter was 42 inches high above the ground. Id.

////

Mr. Johnson returned to the Charlie's Auto Parts on several other occasions including on September 11, 2014 and September 24, 2014, but his knowledge of the violations deterred him from even attempting to patronize it. Johnson Decl. at ¶ 27; ECF No. 48-6 at 1-8. Mr. Johnson lives an hour from and frequent the Stockton area on a constant and ongoing basis. He has shopped, stayed, eaten and otherwise visited Stockton on scores and scores of occasions over the last two years and will continue to do so in the future. Johnson Decl. at ¶ 30. The Charlie's Auto Parts is a convenient place for him to buy auto parts and avail auto services. Id. at ¶ 31. Once the violations are removed, he will return and continue to patronize the Charlie's Auto Parts whenever the need arises. Id. at ¶ 32.

### IV. Analysis

A. Americans with Disabilities Act and Unruh Civil Rights Act

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether [a plaintiff is] denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F.Supp.2d 831, 847 (N.D.Cal.2011); see Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 945 (9th Cir.2011) (en banc). Those standards are set forth by the ADA Accessibility Guidelines ("ADAAG"), which "provide [ ] the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." Chapman, 631 F.3d at 945; see 28 C.F.R. pt. 1191 (2010 Standards); 28 C.F.R. pt. 36, App. D (1991 Standards). The Unruh Civil Rights Act provides, in relevant part: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990...shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Civil Rights Act.

////

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Because plaintiff is a paraplegic, he is considered disabled within the meaning of the ADA. The undisputed evidence also establishes that defendants own, or owned at the time at issue, the property in question, which is a sales establishment considered a public accommodation under the ADA. See id. § 12181(7)(E).

The undisputed facts also establish several violations of the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). First, the 1991 Standards require that all door hardware "shall have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate." 28 C.F.R. pt. 36, App. D, § 4.13.9. When plaintiff visited Charlie's Auto Parts, he found that the door had a "panel style" handle that was difficult for him to grasp. Johnson Decl. at ¶¶ 16-188. Defendants do not submit any evidence showing that the door handles were ADA-compliant. Further, the 1991 Standards require that any transaction counter used for sale or distribution of goods or services to the public have a section with a maximum height of 36 inches. 28 C.F.R. pt. 36, App. D, § 7.2(1). When Mr. Johnson approached the transaction counter at the Charlie's Auto Parts, he discovered that the transaction counter was "too high" for him to use and he did not see any lowered counter. Johnson Decl. at ¶¶ 19-20; ECF No. 48-7 at 3-4. Plaintiff submitted a photo of the high countertops. ECF No. 48-7 at 4. Defendants do not submit any evidence showing that the counter height at Charlie's Auto Parts complied with the 1991 Standards. Accordingly, defendants' shop contains barriers to access as a matter of law. See Chapman, 631 F.3d at 945 ("Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access.") (citations omitted). For these reasons, Plaintiff has shown he is entitled to judgment for his claims under both the ADA and the Unruh Civil Rights Act.

Plaintiff seeks statutory damages under the Unruh Civil Rights Act for two violations: one violation for all of his actual visits to the market and one violation for all of the times he was deterred from returning to the store. ECF No. 48-1 at 19. As the Unruh Civil Rights Act

provides $4,000 in damages for each violation, plaintiff has shown he is entitled to $8,000 in damages for the two violations. See, e.g., Johnson v. Guedoir, 2016 WL 6441611, at *4–*5 (E.D. Cal. Oct. 31, 2016).[1]

B. California Disabled Persons Act and Negligence

Although plaintiff initially brought claims for negligence and the California Disabled Persons Act (ECF No. 1 at 8-9), he does not address either of these claims in his motion for summary judgment. ECF No. 48-1. The undersigned will therefore consider these allegations abandoned.

## V. Conclusion

Accordingly, for the reasons explained above, IT IS RECOMMENDED that

1. Plaintiff's motion to modify the scheduling order to allow for consideration of the summary judgment motion at bar (ECF No. 47) be GRANTED, and plaintiff's motion for summary judgment (ECF No. 48) be GRANTED;
2. That Plaintiff be awarded $8,000 in statutory damages; and
3. That this case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

---

[1] Plaintiff also seeks injunctive relief, though he is not specific as to the injunctive relief he seeks beyond a general correction of all violations. ECF No. 48-1 at 19. Since this case was filed, it appears defendants have sold Charlie's Auto Parts to a new owner. ECF No. 31. The new owner is not a party to this case, and because the defendants no longer appear to own the property, the court cannot award injunctive relief on summary judgment.

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: February 5, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE