|   |   |
|---|---|
| SCOTT JOHNSON, | No. 2:15-cv-0245 WBS AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| STANLEY O POWERS and SANDRA KAYE POWERS, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Defendants are proceeding in this action pro se, and the case was accordingly referred to the undersigned by Local Rule 302(c)(21). Before the court is plaintiff's unopposed motion for attorney's fees and costs.[1] ECF No. 56. For the reasons discussed below, the motion is GRANTED in part.

RELEVANT PROCEDURAL BACKGROUND

Plaintiff Scott Johnson brought this action against defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, as well as California's Unruh Civil Rights Act, Cal. Civ. Code § 51, among other statutory provisions. On March 6, 2019, following plaintiff's unopposed motion for summary judgment, judgment was entered in

---

[1] This motion was referred to the undersigned for resolution by the District Judge assigned to this case. ECF No. 56. The matter was taken under submission without oral argument. ECF No. 58.

1

favor of plaintiff, awarding him $8,000 in statutory damages. ECF Nos. 54, 55. On March 20, 2019, plaintiff filed the instant motion, pursuant to 42 U.S.C. § 12205 and California Civil Code § 52(a), seeking $14,000 in attorney's fees and $1,100.88 in costs, for a total of $15,100.88. ECF No. 56. Specifically, plaintiff, who is represented by the Center for Disability Access, seeks to recover $350 per hour worked by partner Mark Potter; $300 per hour worked by experienced attorney Phyl Grace; and $250 per hour worked by three associates, Dennis Price, Amanda Lockhart Seabock, and Sara Gunderson. ECF Nos. 56.1 at 7-13; 56.4 (billing statement). The undersigned ordered that the matter would be taken under submission without oral argument, and ordered that defendants' response was due by April 17, 2019. ECF No. 58. Defendants have not filed a response.

## DISCUSSION

### A. Availability of Attorney's Fees

Recovery of attorneys' fees is permitted under both the ADA and the Unruh Civil Rights Act. See 42 U.S.C. § 12205 (authorizing the district court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs"); Cal. Civ. Code § 52(a) (making defendant "liable for" damages and "any attorney's fees that may be determined by the court"). "A prevailing plaintiff under the ADA should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) (internal quotation marks and citations omitted). As judgment was entered in favor of plaintiff on his ADA and Unruh Civil Rights Act claims, he qualifies as a prevailing party in this action and is entitled to recover attorney's fees and costs.

### B. Reasonableness of Plaintiff's Fees

Reasonable attorney's fees are calculated using the "lodestar" method, wherein the court "multipl[ies] the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed

within it." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (internal quotation marks omitted).

The court must also determine a reasonable hourly rate. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). Reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with special emphasis on fees charged by attorneys of "comparable skill, experience, and reputation." Davis v. City of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992). As a general rule, the forum district represents the relevant legal community. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992); see Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) ("[G]enerally, the relevant community is the forum in which the district court sits."). The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

   *i. Reasonable Hourly Rate*

Here, plaintiff requests $350 per hour for Potter, $300 per hour for Grace, and $250 per hour for the three associates. The undersigned finds these rates excessive in light of the rates recently found to be reasonable for these same attorneys representing the same plaintiff in other ADA cases in this district. "Judicial opinions within the Eastern District of California have found that $300 per hour is a reasonable rate for Potter. . . . Similarly, decisions provide that $150 per hour is a reasonable rate for junior associates [including Gunderson and Price] in disability access cases in the Sacramento legal community." Johnson v. Saleh, No. 2:16-CV-00617-JAM-KJN,

2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018) (citing Johnson v. Bach Thuoc Vu, No. 2:14–cv–02786–JAM–EFB, 2017 WL 2813210, at *3 (E.D. Cal. June 29, 2017). As for Grace, an experienced non-partner attorney, courts in this district have found that an hourly rate of $175-$200 is reasonable. See, e.g., Johnson v. Akins, No. 2:16-CV-02067-MCE-KJN, 2018 WL 1763228, at *2 (E.D. Cal. Apr. 12, 2018) (finding reasonable rates of $300 per hour for Potter and $200 per hour for Grace); Johnson v. Swanson, No. 2:15-CV-00215-TLN-DB, 2017 WL 3438735, at *4 (E.D. Cal. Aug. 10, 2017) (finding reasonable rates of $300 per hour for Potter and $175 per hour for Grace). In the most recent decision involving nearly identical ADA violations, this plaintiff, and this law firm, the court found reasonable hourly rates of $325 for Potter, $250 for Grace, and $175 for associates Price and Lockhart, accounting for rising rates over the last few years. See Johnson v. Bourbon Properties, LLC, No. 2:14-CV-02949-MCE-AC, 2019 WL 1426340, at *2–*3 (E.D. Cal. Mar. 29, 2019). For similar reasons, the undersigned concludes that the reasonable hourly rates in this case are: $325 per hour for Potter; $250 per hour for Grace; and $175 per hour for the junior associates. The undersigned is not persuaded by counsel's declaration or the three higher fee awards he provided from outside this district.

        *ii. Reasonable Time Expended*

    In calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.' " McCown, 565 F.3d at 1102 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The undersigned finds the majority of the time billed by plaintiff's counsel to be reasonable, with three exceptions. First and most significantly, Potter's billable hours include an estimated 8 hours to review the brief in opposition to the instant motion, draft a reply brief, and attend oral argument on the motion. Because this motion for attorney's fees was taken under submission and defendants filed no response, none of that time was necessary. Thus, those 8 hours are stricken. See Saleh, 2018 WL 1157494, at *2 (striking hours billed for a hearing that was not held and for a brief that was not drafted). Second, Potter billed 6 minutes for reviewing each of seven short and straightforward minute orders. The undersigned finds this an unnecessarily long amount of time and will decrease Potter's hours by 0.3 hours in an effort to halve that time. See Johnson v. Bourbon Properties, LLC, No. 2:14-CV-02949-MCE-

AC, 2019 WL 1426340, at *2–*3 (E.D. Cal. Mar. 29, 2019) (reducing Potter's compensable hours for time reviewing simple minute orders).  Third, on several occasions, three of the attorneys billed between 6 and 12 minutes for instructing their assistants to complete minor tasks ranging from reminding plaintiff to sign a declaration to emailing third parties and reviewing the responses.  For these unwarranted billings, the court will further reduce Potter's hours by 0.2 hours; reduce Grace's hours by 0.3 hours; and reduce Gunderson's hours by 0.2 hours.

        iii.    *Lodestar Calculation*

Based on the above modifications, the appropriate lodestar award in this case is $9,227.50, calculated as follows:

    Potter:        18 hours x $325/hr = $5,850

    Grace:        4.2 hours x $250/hr = $1,050

    Gunderson:    10.4 hours x $175/hr = $1,820

    Price:         2.5 hours x $175/hr = $437.50

    Lockhart:    0.4 hours x $175/hr = $70

Plaintiff does not seek a modification of the presumptively reasonable lodestar.  <u>Fischer v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) ("A strong presumption exists that the lodestar figure represents a reasonable fee, and therefore, it should only be enhanced or reduced in rare and exceptional cases.") (citation omitted).  The court finds a further reduction in the overall fee award is not warranted.

    C.    <u>Costs</u>

Lastly, plaintiff seeks to recover $1,100.88 in litigation expenses.  The undersigned finds these expenses reasonable and thus they are awarded in full.

CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's March 20, 2019 motion for attorney's fees (ECF No. 56) is GRANTED in part; and

////

////

2. Plaintiff Scott Johnson, as the prevailing party, is awarded attorney's fees of $9,227.50 and costs of $1,100.88 for a total award of $10,328.38 from defendants Stanley Powers and Sandra Kaye Powers.

IT IS SO ORDERED.

DATED: May 3, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE