UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>STANLEY O. POWERS and SANDRA KAYE POWERS,<br><br>        Defendants. | No. 2:15-cv-00245 WBS AC (PS)<br><br><br>ORDER |

----oo0oo----

Plaintiff, a California resident and quadriplegic, filed this action alleging violations of the Americans with Disabilities Act, and the California Unruh Civil Rights Act. Because defendants are proceeding pro se, the matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

Plaintiff moved for attorneys' fees and costs in light of the judgment entered in his favor (Docket No. 56), and on May 10, 2019, the magistrate judge filed findings and recommendations

1

(Docket No. 61). The magistrate judge recommended that this court grant plaintiff's motion and that plaintiff receive $9,227.50 in attorneys' fees and $1,100.88 in costs, for a total award of $10,328.38. Neither party has filed objections to the findings and recommendations.

Using the lodestar method to calculate reasonable attorneys' fees, the magistrate judge concluded that the reasonable hourly rates for plaintiff's attorneys in this case are $325 per hour for Potter; $250 per hour for Grace; and $175 for the junior associates Gunderson, Price, and Lockhart. These rates are slightly higher than what the undersigned typically awards to these attorneys. See, e.g., Johnson v. Hey Now Properties, LLC, No. 2:16-CV-02931 WBS KJN, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019) (finding that reasonable rates were $300 per hour for Potter; $250 per hour for Grace; and $150 per hour for Gunderson, Price, and Lockhart).

In fact, Judges Mueller, Mendez, and Nunley of this court have used the same hourly rates as the undersigned. See, e.g., Johnson v. Wen Zhi Deng, No. 2:15-CV-02698 KJM EFB, 2019 WL 1098994, at *2 (E.D. Cal. Mar. 8, 2019) (holding that "the rates outlined in Hey Now Properties are the appropriate, prevailing rates in this district"); Johnson v. Saleh, No. 2:16-CV-00617 JAM KJN, 2018 WL 1157494, at *3 (E.D. Cal. Mar. 5, 2018) (concluding that $300 per hour was a reasonable rate for Potter and that $150 per hour was a reasonable rate for junior associates in disability access cases); Johnson v. Swanson, No. 2:15-CV-00215-TLN DB, 2017 WL 3438735, at *3 (E.D. Cal. Aug. 10, 2017) (concluding that the reasonable rates were $300 per hour for

2

| | |
|---|---|
| 1 | Potter and $150 per hour for Lockhart and Price). |
| 2 | Only Judge England of this court has found that these |
| 3 | attorneys deserve higher reasonable hourly rates in cases filed |
| 4 | in this district.  See Johnson v. Bourbon Properties, LLC, No. |
| 5 | 2:14-CV-02949 MCE AC, 2019 WL 1426340, at *3 (E.D. Cal. Mar. 29, |
| 6 | 2019) (finding reasonable rates of $325 per hour for Potter and |
| 7 | $175 per hour for Price and Lockhart). |
| 8 | Nevertheless, the court determines that the |
| 9 | circumstances of this case justify the reasonable hourly rates |
| 10 | that the magistrate judge found.  See Fischer v. SJB-P.D. Inc., |
| 11 | 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (observing that the |
| 12 | lodestar figure can be enhanced in the "rare and exceptional" |
| 13 | case).  Not all cases of this sort typically go to summary |
| 14 | judgment.  Many settle before that stage.  On summary judgment in |
| 15 | this case, plaintiff's counsel went above and beyond what is |
| 16 | typically done in a disability access case.  For instance, |
| 17 | plaintiffs' counsel ably investigated and then briefed four |
| 18 | distinct access barrier issues.  These issues were fairly complex |
| 19 | and drew on counsel's unique expertise, as they required |
| 20 | extensive knowledge of the applicable ADA Accessibility |
| 21 | Guidelines for Buildings and Facilities and provisions of the |
| 22 | California Building Code.  Because the court finds this case to |
| 23 | be an exception, counsel should not necessarily expect the same |
| 24 | result in future cases. |
| 25 | Accordingly, IT IS HEREBY ORDERED that: |
| 26 | 1.   The findings and recommendations filed May 10, |
| 27 | 2019 (Docket No. 61) are adopted to the extent they are not |
| 28 | inconsistent with the reasoning in this order; |

2.   Plaintiff's March 20, 2019 motion for attorneys'
fees (Docket No. 56) is GRANTED in part; and
          3.   Plaintiff Scott Johnson, as the prevailing party,
is awarded attorney's fees of $9,227.50 and costs of $1,100.88,
for a total award of $10,328.38 from defendants Stanley O. Powers
and Sandra Kaye Powers.

Dated:   June 5, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE